My vote to deny the petition for the writ of certiorari should not be construed as supportive of a casually dismissive attitude concerning the potentially harmful effects of the adulterous activity of a parent upon a child. However, under the circumstances of this case, I defer to the trial court's judgment in which it awarded primary custody of the six-year-old boy to his mother.
The trial court had the opportunity to observe the demeanor of the witnesses as they testified at trial; to assess the credibility both of the mother in her plea for continued custody and of the father, who acknowledged that the mother is a good mother; to weigh the effect upon the youngster of being placed in day care — as he would if the father had been awarded custody — for an average of more than 10 hours per day, 5 days per week, and on 3 of those days early enough to allow the father to be on duty at 5:30 a.m.; to weigh the effect of relocating the boy so he could be with the father's family during the father's training activities, which are as long as four weeks; and to consider all other factors in the record.
The trial court obviously concluded that the child's best interests at this stage in his life were best served by allowing the mother to retain custody. I cannot second-guess this judgment based upon the materials before us. We should not make the mother pay a very dear price for her misconduct at the expense of this six-year-old boy.